# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JACOB GLENN TAYLOR,<br>Petitioner,<br>v.<br>WARDEN, FCI JESUP,<br>Respondent. | 2:25-cv-158 |

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to grant in part Respondent's Motion to Dismiss and to dismiss without prejudice Petitioner Jacob Taylor's ("Taylor") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Dkt. No. 14. Taylor filed Objections to the Report and Recommendation. Dkt. No. 17.

In his Objections, Taylor asserts that neither the Eleventh Circuit Court of Appeals nor the United States Supreme Court has adopted the bright-line rule that the Magistrate Judge recommends this Court adopt here. Id. at 2, 3. Notably, under that bright-line rule, Taylor's claim is not cognizable under § 2241 because he is not seeking immediate or accelerated release. Taylor also asserts that, contrary to the Magistrate Judge's determination, he is not asking for his preferred housing assignment; rather, he is challenging when and how his sentence is being executed. Id. at

3-4. In addition, Taylor states that home confinement and residential reentry placement are designed to help with prisoners' transition from institutional confinement into the community and the date on which this transition occurs is part of the Bureau of Prisons' ("BOP") execution of a sentence. Id. at 7-8.

All of Taylor's Objections are unconvincing. The Magistrate Judge acknowledges that the Eleventh Circuit Court of Appeals and the United States Supreme Court have not provided clear guidance on whether a claim like Taylor's can be asserted in a habeas petition. Dkt. No. 14 at 4-15. The Magistrate Judge, however, conducted a thorough analysis of persuasive authority and concludes that the bright-line test is the correct one. Id. Taylor insists that he is challenging the "execution" of his sentence, which he contends is cognizable in habeas. The Magistrate Judge expressly considered and rejected that argument. Ultimately, nothing in Taylor's Objections indicates that the Magistrate Judge's recommendation on adopting a bright-line test or the Magistrate Judge's application of that test is clear error or contrary to law.

The type of release Taylor seeks would not result in his release from BOP *custody*. Taylor would merely be transferred from one form of BOP custody to another. Taylor's Objections underscore the Magistrate Judge's findings and recommendation: Taylor does not set forth the type of claim that is or should be cognizable in

habeas corpus. Instead, Taylor can pursue his claims via a conditions-of-confinement cause of action. Dkt. No. 14. Taylor fails to demonstrate any clear error by the Magistrate Judge or that the Magistrate Judge acted contrary to law. Taylor merely disagrees with the Magistrate Judge's interpretation of caselaw and his findings.

Thus, after an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Taylor's substantive Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Dkt. Nos. 14, 17. I **GRANT in part** Respondent's Motion to Dismiss and **DISMISS without prejudice** Taylor's Petition. Dkt. Nos. 1, 7. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. The Court **SUSTAINS** Taylor's Objection regarding the Magistrate Judge's recommendation to deny Taylor *in forma pauperis* status on appeal. Taylor is permitted to seek an appeal on an *in forma pauperis* basis.

**SO ORDERED**, this 15 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA